# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAUL CURTIS PEMBERTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ROBERT C. PATTON, et al., )<br>)<br>Defendants. ) | Case No. CIV-14-129-D |

## **O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 48] issued on February 17, 2015, by United States Magistrate Judge Charles B. Goodwin pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). In this action brought pursuant to 42 U.S.C. § 1983, Plaintiff alleges violations of his federal constitutional rights during his confinement in the custody of the Oklahoma Department of Corrections (ODOC) at various state prison facilities.

Upon initial review of the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and 42 U.S.C. § 1997(e)(c), the Magistrate Judge recommended dismissal of certain claims without prejudice, dismissal of the remaining claims with prejudice and denial of certain pending motions filed by Plaintiff.

Plaintiff timely filed an objection [Doc. No. 49] to the Report and Recommendation. Therefore, this Court conducts a *de novo* review and considers the records, pleadings and applicable law. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b)(3).

**I.    Background**

As thoroughly set forth in the Magistrate Judge's Report and Recommendation, Plaintiff's claims arise out of his confinement at two ODOC facilities, the Mack Alford Correctional Center (MACC) and the Oklahoma State Reformatory (OSR). Plaintiff sues multiple defendants including

prison officials at both facilities, the director of the ODOC, Robert C. Patton, the governor of the State of Oklahoma, The Honorable Mary Fallin, and other state governmental officials.

As detailed in the Report and Recommendation, the factual allegations of the Complaint span a period of roughly five years of Plaintiff's incarceration, from May 2007 through August 2012.[1] As discussed more fully *infra*, many of Plaintiff's claims represent a second attempt to relitigate claims previously brought by him in a § 1983 action filed in this judicial district.

Plaintiff raises fifteen separate "points" in support of his objection. Some of the points raised by Plaintiff are duplicative. In an effort to clarify the presentation of the issues the Court will group these points relative to the analysis conducted by the Magistrate Judge:

(A) the Magistrate Judge erroneously construed Plaintiff's complaint as alleging § 1983 claims against Defendants Fallin and Pruitt (Plaintiff's Point One);

(B) the Magistrate Judge erroneously identified David Wortham and Ouida Nickell as defendants when Plaintiff did not include them in the caption of the complaint as defendants (Plaintiff's Point Two);

(C) Plaintiff does not seek monetary relief against various defendants in their official capacities and, therefore, the Magistrate Judge's recommendation that such claims be dismissed is erroneous (Plaintiff's Point Three);

(D) the Magistrate Judge's application of Oklahoma's savings statute to find certain claims time-barred is erroneous because the factual bases for those claims are distinct from claims brought by Plaintiff in his prior action and/or equitable tolling applies to render those claims timely (Plaintiff's Points Four, Six, Seven, Nine, Ten, Eleven, Twelve, Thirteen, Fifteen);

---

[1] Plaintiff filed a 265-page, single-spaced complaint and attached 334 pages of exhibits.

(E) the limitations period on certain claims did not accrue until February 4, 2013, upon a decision rendered by the Oklahoma Supreme Court and/or equitable tolling renders those claims timely filed (Plaintiff's Points Four, Six, Seven, Nine, Ten, Eleven, Twelve, Fifteen);

(F) Plaintiff's claim based on retaliatory transfer from MACC to OSR is timely because Defendants wrongfully concealed the identity of the parties (Plaintiff's Point Five);

(G) Plaintiff's claim, identified by the Magistrate Judge as "Claim 5: Right to Private Communications with the Courts While at OSR" was improperly construed as being brought against multiple defendants when Plaintiff only alleged this claim against Defendant Bethea (Plaintiff's Points Eight and Nine);

(H) the Magistrate Judge erroneously construed "Claim 9: Improper Grievance Processing at OSR;" that claim should have been construed as an Eighth Amendment claim against Defendant McCollum and the claim is timely filed (Plaintiff's Point Thirteen);

(I) The Magistrate Judge improperly construed "Claim 10: OSR Incident of March 5, 2012" as a claim alleging the ODOC's grievance process is unconstitutional; instead Plaintiff alleges a violation of his right of access to the courts (Plaintiff's Point Fourteen); and

(J) the Magistrate Judge erred in finding Plaintiff did not exhaust administrative remedies as to certain claims (Plaintiff's Point Fifteen).

## II. Discussion

### A. *Claims Against Defendants Fallin and Pruitt*

Plaintiff contends the Magistrate Judge erred in recommending dismissal of his claims against Defendants Fallin and Pruitt. According to Plaintiff, "no claim under 1983 is filed against either respondent." *See* Objection at p. 2. Instead, he claims the Magistrate Judge failed to conduct a proper analysis as to whether Defendants Fallin and Pruitt are necessary parties under Fed. R. Civ. P. 19.

The record shows that Plaintiff previously filed a document entitled: "Motion by Plaintiff to Join Additional Party Defendants and to Include Supplemental Pages Reflecting these Party Supplementations" [Doc. No. 2]. In that motion, Plaintiff requested that Defendants Fallin and Pruitt be added as defendants to this action.

The Magistrate Judge previously addressed Plaintiff's motion. *See* Order [Doc. No. 33]. He acknowledged that Plaintiff cited "civil procedural rules regarding joinder and supplementation" but determined that Plaintiff's request "most reasonably is construed as an effort to amend his initial Complaint (Doc. No. 1)." *See id*. at p. 1. The Magistrate Judge granted Plaintiff's request to amend and noted that "[t]he body of Plaintiff's Complaint contains allegations against Defendant Fallin and Pruitt, although these Defendants are not named in the caption." *Id*. at p. 2. The Court, therefore, found that it would "serve no purpose to require Plaintiff to file a new complaint merely to correct the caption of the pleading" and deemed the complaint amended to name Defendants Fallin and Pruitt in their official capacities. *Id*.

Plaintiff filed an objection [Doc. No. 34] to this order. By Order [Doc. No. 45] this Court determined that the Magistrate Judge correctly addressed the motion as a request to amend pursuant

to Rule 15 of the Federal Rules of Civil Procedure. The Court further rejected Plaintiff's contention that the Magistrate Judge had made a final disposition of claims against Defendants Fallin and Pruitt in that order. *See id*. at p. 2.

The record clearly demonstrates Plaintiff intended to include § 1983 claims against Defendants Fallin and Pruitt. The basis for Plaintiff's objection to the Magistrate Judge's recommendation that the claims against these Defendants be dismissed is unfounded. Plaintiff sought joinder of these Defendants for the purpose of asserting claims against them. That the Magistrate Judge found the analysis governed by Rule 15 rather than Rule 19 does not change the fact that Plaintiff requested leave to bring claims against these Defendants in this lawsuit. Plaintiff's objection is without merit. As Plaintiff raises no other objection to the Magistrate Judge's recommendation that the claims against Defendants Fallin and Pruitt be dismissed, the Court adopts the recommendation.

### B. *Claims Against Defendants Wortham and Nickell*

Plaintiff contends that he did not intend to bring claims against Defendants Wortham and Nickell. He states they are not identified in the caption of the complaint and that he "accidentally forgot to remove" paragraphs 74 and 76 at p. 21 of the complaint. *See* Objection at p. 2. Plaintiff's objection to the Magistrate Judge's recommendation on this ground is rejected. The complaint – which he did not seek leave to amend – clearly identifies Defendants Wortham and Nickell as defendants in this action, as set forth in the paragraphs cited by Plaintiff. The Magistrate Judge properly construed the complaint as identifying Wortham and Nickell as defendants. Plaintiff does not otherwise challenge the recommendation that his claims be dismissed against Defendants

Wortham and Nickell. The Court agrees with the analysis of the Magistrate Judge and adopts the recommendation that Plaintiff's claims be dismissed against these defendants.

**C.** *Official Capacity Claims – Money Damages*

Next, Plaintiff contends the Magistrate Judge erroneously construed the complaint as alleging official capacity claims for money damages against Defendants Patton, John Doe /Jane Doe, Jane Doe / John Doe, Morton, Dinwiddie, Trammell, Wiggins, Rudek, McCollum, Bear, Harvey-Haynes, Brooks, Kendal and Bethea. *See* Objection at p. 3; *see also* Report and Recommendation at pp. 17-18. He further contends the Magistrate Judge failed to consider his claims for declaratory and injunctive relief and cites the complaint at p. 259, section D(5)(A) and p. 262, section D(6)(B), wherein Plaintiff details the relief requested in this action.

The Court finds the Magistrate Judge properly addressed any potential claims for monetary relief against these Defendants in their official capacity and dismissed those claims on grounds of Eleventh Amendment immunity. In addition, the Magistrate Judge fully addressed Plaintiff's substantive claims alleging violations of his constitutional rights and properly determined no grounds for declaratory or injunctive relief exist.

**D.** *Application of Oklahoma's Savings Statute / Equitable Tolling*

As fully set forth by the Magistrate Judge, "this lawsuit represents Plaintiff's second attempt in the Western District of Oklahoma to obtain relief on certain of his legal claims." *See* Report and Recommendation at p. 2. In this action, Plaintiff raises multiple claims that he previously raised in *Pemberton v. Jones* (*Pemberton I*), No. CIV-10-966-D, 2011 WL 1598194 (W.D. Okla. April 27, 2011) (unpublished op.). Certain claims were dismissed with prejudice and, as addressed by the

6

Magistrate Judge, Plaintiff is barred from relitigating those claims. *See* Report and Recommendation at p. 3. Other claims in the prior action were dismissed without prejudice.

The Tenth Circuit Court of Appeals dismissed Plaintiff's direct appeal. *See Pemberton I*, No. CIV-10-966-D (W.D. Okla.) [Doc. No. 70]. Subsequently, on October 9, 2012, the United States Supreme Court denied Plaintiff's petition for writ of certiorari. *See id.* [Doc. No. 74].

As correctly set forth by the Magistrate Judge, a two-year limitations period governs Plaintiff's § 1983 claims. *See Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988) (statute of limitations for § 1983 claims arising in Oklahoma is two years). Giving Plaintiff the most liberal application of the limitations period, the Magistrate Judge applied Oklahoma's "savings statute," Okla. Stat. tit. 12, § 100, and determined that Plaintiff had – at the latest – until October 9, 2013, within which to file this action as to any claims raised and dismissed without prejudice in *Pemberton I*. *See Grider v. USX Corp.*, 847 P.2d 779, 783 (Okla.1993) (Okla. Stat. tit. 12 § 100 "applies to extend the limitations period regardless whether the dismissed suit was filed in state court or federal court sitting within the state of Oklahoma"); *Williams v. City of Guthrie*, 109 Fed. App'x. 283, 286 (10th Cir. 2004) (applying Oklahoma savings statute to § 1983 claim filed in federal court).[2] Because Plaintiff filed this action on February 10, 2014, after the expiration of the limitations period,

---

[2]Oklahoma's savings statute provides:

> If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff, or, if he should die, and the cause of action survive, his representatives may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed.

Okla. Stat. tit. 12, § 100.

7

the Magistrate Judge recommended dismissal of the following claims – also raised in *Pemberton I* – as time-barred: Claim 1: Illegal Searching of Mail at MACC; Claim 2: Retaliatory Transfer from MACC to OSR; Claim 3: Contaminated Drinking Water at MACC; Claim 4: Access to the Courts While at OSR; Claim 5: Right to Private Communications with the Courts While at OSR;[3] Claim 6: Deprivation of Personal Property at OSR; Claim 7: Violation of Eighth Amendment at OSR – Unsanitary and Unsafe Conditions; Claim 8: Eighth Amendment – Housing at OSR;[4] and Claim 9: Improper Grievance Processing at OSR.[5]

Although Plaintiff objects to the Court's application of the statute of limitations and contends that some of his claims were not raised in *Pemberton I* or were based on events occurring thereafter, the Magistrate Judge fully addressed those matters. Plaintiff does not make any effort to demonstrate the Magistrate Judge incorrectly applied the factual record as to the accrual of his claims. He simply disagrees with the application of Oklahoma's savings statute. Of course, application of the savings statue extended the limitations period and without its application,

---

[3] As to this claim, the Magistrate Judge recognized that "insofar as Plaintiff is claiming discrete, later-occuring constitutional violations that were not raised and disposed of in *Pemberton I*, Plaintiff's factual allegations support an accrual date of on or about December 22, 2010, at the latest." *See* Report and Recommendation at pp. 27-28. Therefore, the Magistrate Judge further recommended dismissal of any later-occurring constitutional violations brought as part of Claim 5 as untimely. *See id*. at p. 28.

[4] As to this claim, the Magistrate Judge also recognized that Plaintiff reasserted claims raised in *Pemberton I*, but also added "later-occurring events." *See* Report and Recommendation at p. 30. The Magistrate Judge correctly determined that the claim is untimely "whether it was previously raised in *Pemberton I* or is being raised for the first time in the instant lawsuit." *Id*. at p. 31.

[5] The Magistrate Judge found this claim was raised, in part, in *Pemberton I*. *See* Report and Recommendation at p. 31-34. To the extent the claim "may implicate events or Defendants not before the court in *Pemberton I*," the Magistrate Judge concluded the claim should be dismissed, not as time-barred, but for failure to state a claim upon which relief may be granted. *See id*. at pp. 33-34. Plaintiff objects to this finding as well and the Court addresses that objection *infra*.

8

Plaintiff's claims would still be time barred. The Court finds the Magistrate Judge correctly applied the law and facts in concluding Plaintiff's claims, as identified above, are time-barred and adopts the recommendation that these claims be dismissed with prejudice.

> E. *Untimeliness of Claims / Tolling of Limitations Period Pending Exhaustion of Administrative Remedies*

In further objecting to the Magistrate Judge's findings that many of his claims are time barred and that the untimeliness of the claims is not remedied by application of Okla. Stat. tit. 12, § 100, Plaintiff contends that the limitations period on the claims in this action did not start to run until February 4, 2013. *See* Objection at p. 4. According to Plaintiff, the limitations period was tolled while he pursued exhaustion of administrative remedies as to his claims. The limitations period was tolled, he contends, until February 4, 2013, the date the Oklahoma Supreme Court issued its order in Case No. 111, 350. The Order states:

> Petitioner asks this Court to review an order by the Court of Criminal Appeals. Because this Court has no jurisdiction to do so, this cause is hereby dismissed. Art. 7, § 4, Okla. Const.

*See* Complaint, Exhibit 1, at ECF p. 334. The Order cited does not demonstrate Plaintiff was pursuing exhaustion of remedies as to the civil claims alleged in this action or that the efforts undertaken by Plaintiff would constitute exhaustion of remedies for purposes of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

Plaintiff further contends his claims did not accrue until he had exhausted administrative remedies with respect to his prison disciplinary conviction – which he successfully overturned. But as the Magistrate Judge addressed in the Report and Recommendation, the prison disciplinary proceedings are separate and distinct from the claims raised in this lawsuit and Plaintiff's exhaustion of remedies is not satisfied by his efforts with respect to the prison disciplinary conviction. *See*

Report and Recommendation at pp. 37-38. The Court cannot add significantly to the Magistrate Judge's thorough analysis of the limitations issues and the findings that Plaintiff's claims, as identified herein, are time-barred.. The Court finds the objections raised by Plaintiff fail to demonstrate the Magistrate Judge's findings are erroneous. The Court, therefore, adopts the Report and Recommendation as to those findings.

      **F.**     *Tolling of Limitations / Fraudulent Concealment – Plaintiff's Retaliatory Transfer Claim*

Plaintiff, in wholly conclusory fashion, contends the limitations period is tolled, rendering his retaliatory transfer claim timely filed, based on alleged fraudulent concealment of the facts and the identities of the defendants.[6] He identifies Okla. Stat. tit. 12, §§ 95 and 98 as the basis for tolling.[7] In support of his argument, he relies, in part, on the fact that he has named John Doe and Jane Doe defendants due to this fraudulent concealment. As to fraudulent concealment of the facts, he relies on allegations that eyewitness statements were withheld from him to support his claim that misconduct charges were wrongfully brought against him. But Plaintiff fails to demonstrate how

---

[6]Plaintiff first raised this issue in his objection, in response to the Magistrate Judge's finding that "Plaintiff does not claim he is under a 'legal disability' or that Defendants engaged in 'false, fraudulent, or misleading conduct' to lull Plaintiff into sitting on this rights." *See* Report and Recommendation at p. 47 (citations omitted).

[7]Neither of these provisions would support equitable tolling as alleged by Plaintiff. Section 95(3) addresses tolling in "an action for relief on the ground of fraud" and provides that "the cause of action shall not be deemed to have accrued until the discovery of the fraud." Okla. Stat. tit. 12, § 95(3). Plaintiff does not identify any claim for relief on the ground of fraud or facts demonstrating the discovery of the fraud so as to render such claims timely. Section 98 addresses tolling where a defendant leaves the state or conceals himself. Okla. Stat. tit. 12, § 98. Plaintiff's conclusory assertions in the objection fail to demonstrate any defendant has engaged in conduct that would render this statutory provision applicable.

concealment of any facts related thereto would operate to toll the limitations period as to the claims found to be untimely by the Magistrate Judge, including his retaliatory transfer claim.

The Court finds Plaintiff's objection premised on tolling of the limitations period due to alleged fraudulent concealment is too conclusory and without merit. The identity of the parties is an issue distinct from the accrual of his claims. Plaintiff acknowledges as much by naming John and Jane Doe Defendants. Moreover, he does not otherwise demonstrate how the alleged concealment operates to toll the limitations period so as to render his present claims timely. The Court, therefore, adopts the Magistrate Judge's findings that Plaintiff's claims are untimely.

    **G.**    ***Challenge to the Magistrate Judge's Construction of Claim 5: Right to Private Communications with the Courts While at OSR***

Plaintiff objects to the Magistrate Judge's construction of Claim 5: "Right to Private Communications with the Courts While at OSR." *See* Report and Recommendation at pp. 27-28. Plaintiff contends the Magistrate Judge improperly "combined claims," improperly construed the claim as brought against defendants other than Defendant Bethea and erroneously concluded the claim was time-barred. But in making these objections, Plaintiff does little to clarify what he contends is the specific factual basis of the claim. And, Plaintiff is not permitted, by way of objection to the Report and Recommendation, to alter the allegations of the complaint. The Court finds the Magistrate Judge properly and carefully construed Plaintiff's Claim 5, identified the defendants against whom the claim was asserted, and correctly determined the claim is time-barred. The Court, therefore, adopts the recommendation as to Plaintiff's Claim 5.

**H.** *Challenge to the Magistrate Judge's Construction of Claim 9: Improper Grievance Processing at OSR*

The Magistrate Judge construed Plaintiff's Claim 9 as a claim alleging improper grievance processing at OSR. *See* Report and Recommendation at pp. 31-34. Plaintiff contends this claim instead should have been construed as an Eighth Amendment claim against a single defendant, Defendant McCollum. He further contends this claim was not raised in *Pemberton I* and did not even arise until September, 2011.

Contrary to Plaintiff's objection, the Magistrate Judge considered Plaintiff's Eighth Amendment claim against Defendant McCollum – and properly construed the complaint to include Eighth Amendment claims against other defendants identified by Plaintiff in the complaint as having allegedly violated his Eighth Amendment rights and/or having allegedly conspired to violate those rights. *See* Report and Recommendation at pp. 30-31. The Magistrate Judge determined the claims are time-barred. And Plaintiff's objection concedes as much, acknowledging his claim against Defendant McCollum arose in September 2011. The Court, therefore, adopts the Magistrate Judge's findings with respect to Claim 9.

**I.** *Challenge to the Magistrate Judge's Construction of Claim 10: OSR Incident of March 5, 2012*

Plaintiff contends the Magistrate Judge improperly construed Claim 10 as based on allegations that the ODOC's grievance process is unconstitutional; instead Plaintiff contends he alleges a violation of his right of access to the courts. He contends the defendants prevented him from exhausting administrative remedies and since exhaustion is a necessary prerequisite to bringing a § 1983 claim, he has been denied his right of access to the courts.

But Plaintiff ignores that the Magistrate Judge expressly acknowledged such allegations by Plaintiff. *See* Report and Recommendation at pp. 31-32:

> Plaintiff contends that the facility's prescribed grievance process is itself unconstitutional – namely, to the extent that Plaintiff was placed upon grievance restriction pursuant to its terms – and that Defendants have improperly applied that process by retaliating against Plaintiff for seeking administrative relief, by failing to 'overturn' erroneous determinations made by staff during the grievance process, and by rejecting his administrative submissions. *Plaintiff asserts that these actions prevented Plaintiff from exhausting his administrative remedies as required for judicial review and therefore violated Plaintiff's First Amendment and due process rights.*

*Id.* (emphasis added) (*citing* Complaint at pp. 112-22, 153-65, 197-203, 207-11, 247-52). And the Magistrate Judge correctly determined that Plaintiff's claim – including an alleged denial of access to the courts – should be dismissed with prejudice. *See id.* at pp. 33-34 *citing*, *inter alia, Boyd v. Werholtz*, 443 Fed App'x. 331, 332 (10th Cir. 2011) ("When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance.") (alternation and internal quotation marks omitted). The Court, therefore, adopts the recommendation of the Magistrate Judge.

### J. *Exhaustion of Administrative Remedies*

As a final matter, Plaintiff challenges the Magistrate Judge's findings as to exhaustion of administrative remedies regarding his claim against Defendant Gurrero and other defendants for retaliation arising out of an incident occurring on March 5, 2012. Plaintiff claims exhaustion is established by a March 6, 2012 request to staff, to which he never received a response. He also contends the claims could not be exhausted under the applicable grievance procedures because the claims were: (1) part of a prison disciplinary proceeding; (2) pending in state court litigation; or (3)

13

requested disciplinary action against staff and therefore were nongrievable under the ODOC's grievance process. Plaintiff additionally contends he was not required to exhaust the claims because he was in danger of serious bodily injury.

The Magistrate Judge thoroughly analyzed Plaintiff's efforts at exhaustion of administrative remedies as to the claims arising from the March 5, 2012 incident. *See* Report and Recommendation at pp. 34-37. In fact, the Magistrate Judge provided Plaintiff with an opportunity to show cause why those claims should not be dismissed on exhaustion grounds and thoroughly addressed Plaintiff's response to the show cause order in concluding the claims were not exhausted. The Magistrate Judge addressed each of the issues raised by Plaintiff in his objection and found them to be without merit.[8] The Court cannot meaningfully add to the thorough analysis of the Magistrate Judge. The Court adopts the Magistrate Judge's findings in their entirety and concludes Plaintiff's claims arising out of the March 5, 2012 incident, as fully set forth at pp. 34-37 of the Report and Recommendation, should be dismissed without prejudice for failure to exhaust administrative remedies.

---

[8]The Magistrate Judge did not address Plaintiff's contention that the prison grievance process was not available to him because his claims were pending in state-court litigation, and specifically, Plaintiff's state court action filed in the District Court of Oklahoma County, State of Oklahoma, *Pemberton v. Oklahoma Dept. of Corrections*, Case No. CV-2012-1473. *See* Objection at p. 19. Plaintiff did not raise this issue in responding to the Court's show cause order. Matters raised for the first time in objections to the magistrate judge's report are deemed waived. *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001); *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). But even if the Court were to consider this contention, it is without merit. The Court takes judicial notice of the docket in the state court action. A review of the docket and documents filed therein demonstrate that Plaintiff's claims raised in that action relate to his disciplinary conviction – not the claims raised in the instant action arising out of the March 5, 2012 incidents which the Magistrate Judge found to be unexhausted. Those claims, therefore, were not pending in state-court litigation and Plaintiff's claim that he could not exhaust administrative remedies on this basis, therefore, lacks merit.

### III. Conclusion

In sum, Plaintiff's objection does not sufficiently challenge the legal or factual bases upon which the findings and recommendations of the Magistrate Judge are made. Upon *de novo* review, the Court adopts those findings and recommendations as though fully set forth herein.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 48] is ADOPTED in its entirety.

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Fallin, Pruitt, Nickell and Wortham; Plaintiff's claims seeking money damages under 42 U.S.C. § 1983 against any Defendant in his or her official capacity; and Plaintiff's Claim 10 arising out of the OSR Incident of March 5, 2012, be DISMISSED WITHOUT PREJUDICE to refiling pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

IT IS FURTHER ORDERED that all other claims be DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's pending motions [Doc. Nos. 13, 14, 16, 35 and 37] are DENIED as MOOT as a result of the adoption of the Report and Recommendation and the dismissal of this action.

IT IS FURTHER ORDERED that this dismissal counts as a "prior occasion" pursuant to 28 U.S.C. § 1915(g) after Plaintiff has exhausted or waived his right to appeal.

A separate judgment shall be entered accordingly.

IT IS SO ORDERED this 13th day of April, 2015.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE