# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAUL CURTIS PEMBERTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-14-129-D |
| | ) |
| ROBERT C. PATTON, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff's Motion to Vacate and/or Set Aside the Order and Judgment and to Reopen the Case [Doc. No. 109]. In his Motion, Plaintiff seeks to vacate (1) the Court's Order adopting the Magistrate Judge's Report and Recommendation, which dismissed Plaintiff's Complaint for failure to state a claim and exhaust administrative remedies [Doc. No. 51]; (2) the Court's Order striking Plaintiff's Amended Complaint [Doc. No. 103]; and (3) the Court's Order denying Plaintiff's Motion to Vacate and Set Aside the Prior Judgment Nunc Pro Tunc and other various motions [Doc. No. 108]. As stated in his Motion, Plaintiff asserts the requested relief should be granted

> on the grounds of mistake, inadvertence, surprise, the Court lacked jurisdiction of the subject matter and acted in a manner inconsistent with due process rendering the judgment void and an extraordinary circumstance, because the District Court violated the law, court rules and the provisions of the Code of Judicial Conduct[.]

Mot. at 1-2. For the reasons stated below, the Court finds Plaintiff's Motion should be denied.

Plaintiff, a state prisoner appearing pro se, brought the present action against numerous defendants, mostly prison officials, alleging violations of his constitutional rights during his confinement.[1] The matter was referred to United States Magistrate Judge Charles B. Goodwin for initial proceedings. Upon conducting an initial review of the Complaint and accompanying exhibits,[2] Judge Goodwin found and recommended that all claims be dismissed as (1) barred by the Court's disposition of Plaintiff's previous lawsuit, and/or (2) failing to state a claim upon which relief may be granted, and/or (3) barred by Eleventh Amendment immunity, or (4) barred due to lack of exhaustion under the Prison Litigation Reform Act of 1995 ("PLRA") as codified in pertinent part at 42 U.S.C. § 1997e(a). *See generally* Report and Recommendation ("R&R") [Doc. No. 48]. The Court overruled Plaintiff's objections, adopted the R&R in its entirety, and assessed another "strike" against Plaintiff [Doc. No. 51, 52].

---

[1] Plaintiff filed a previous action on September 7, 2010 in which he raised multiple legal claims, including several of the same claims now raised in the instant case, against some of the same defendants. The Court dismissed Plaintiff's claims, some with prejudice and some without, and assessed a "strike" under 28 U.S.C. § 1915(g). The Tenth Circuit Court of Appeals dismissed Plaintiff's appeal and the Supreme Court denied his petition for writ of certiorari.

[2] Plaintiff's Complaint was 265 pages in length and accompanied by 334 pages of exhibits.

Plaintiff filed a Motion to Alter or Amend Judgment, which was denied [Doc. Nos. 58, 60]. The Tenth Circuit dismissed his subsequent appeal as frivolous and assessed another strike against Plaintiff, which resulted in Plaintiff accruing four strikes in total (the Tenth Circuit had assessed a third strike in response to a related appeal). Accordingly, the court found Plaintiff could not proceed without prepayment of fees in any future civil action or appeal unless he was under imminent danger of serious physical injury [Doc. Nos. 80-82]. Shortly after his appeal was submitted, Plaintiff filed a Motion for Relief from Judgment [Doc. No. 77] in which he requested that the aforementioned Order and Judgment dismissing his Complaint be set aside. That motion was denied [Doc. No. 92]. Plaintiff's Motion for Reconsideration was denied as well [Doc. No. 96].

On May 18, 2017, Plaintiff filed an Amended Complaint [Doc. No. 97]. The Amended Complaint was stricken, however, as Judgment had been entered and Plaintiff failed to show any reason that warranted having the Judgment vacated or set aside [Doc. No. 103]. The Tenth Circuit has repeatedly cited the general rule that once judgment has been entered, the filing of an amended complaint is not permissible until the judgment is set aside or vacated. *See, e.g., Brannon v. Boatmen's First Nat. Bank of Okla.*, 153 F.3d 1144, 1150 (10th Cir. 1998) (affirming denial of leave to amend, noting plaintiffs neither sought leave to amend prior to entry of judgment, nor sought to amend judgment or have it vacated pursuant to

either Rule 59(e) or 60(b)). Plaintiff then filed a Motion to Vacate and Set Aside the Prior Judgment Nunc Pro Tunc and a Motion for Leave to File Amended Complaint [Doc. Nos. 105-106]. The Court denied these motions as untimely and repetitive of arguments previously raised [Doc. No. 108].

Undeterred, Plaintiff has now filed another Motion to Vacate and/or Set Aside the Order and Judgment and to Reopen the Case [Doc. No. 109]; another Motion for Leave to File an Amended Complaint [Doc. No. 110]; two notices of his intent to seek recusal of the undersigned [Doc. Nos. 111, 112]; a Motion for Leave of the Court to File an Objection Exceeding the Page Limits [Doc. No. 113];[3] a document entitled "Written Objections to the District Court's Order" [Doc. No. 114]; and an "Affidavit of Paul Pemberton for Bias or Prejudice of Judge" [Doc. No. 115].[4]

As previously stated throughout these proceedings, Plaintiff's Motion, as before, fails to provide the Court with any justification to vacate or set aside the Judgment entered in this case. Plaintiff's Motion is needlessly verbose, repetitive, conclusory, and fails to articulate a single cogent reason as to why the Judgment

---

[3] Despite filing a motion, Plaintiff filed his oversized objection without leave of Court.

[4] A motion made under Rule 60(b) must be made "within a reasonable time" and within one year where "mistake, inadvertence, surprise, or excusable neglect" is alleged. *See id*. In addition to the fact that the Court has denied Plaintiff's prior requests, Plaintiff's motion – as it relates to the Court's April 13, 2015 order dismissing his Complaint – is untimely and will not be considered.

dismissing his Complaint should be lifted. Plaintiff has incurred multiple strikes throughout this litigation. Despite being repeatedly advised of the deficiencies of his request, he has continued to file multiple lengthy motions without any discernable factual or legal support. The federal courts have limited resources; frequent frivolous filings diminish the ability of the courts to manage their dockets for the efficient administration of justice. To this end, "[f]ederal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances." *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010) (citing *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989)). Plaintiff is warned that the future filing of vexatious motions may result in the imposition of sanctions, including, but not limited to, an injunction prohibiting Plaintiff from making future filings without leave of court.

Accordingly, Plaintiff's Motion to Vacate and/or Set Aside the Order and Judgment and to Reopen the Case [Doc. No. 109], Motion for Leave to File an Amended Complaint [Doc. No. 110], and Motion for Leave of the Court to File an Objection Exceeding the Page Limits [Doc. No. 113] are **DENIED** as set forth herein.

**IT IS SO ORDERED** this 22ⁿᵈ day of November 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE